UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,
    Plaintiff,

v.

HECTOR RODRIGUEZ-CORREA,
    Defendant.

Criminal No. 3:12-cr-00245-3 (JAF)

**MEMORANDUM ORDER**

On May 12, 2015, Defendant Hector Rodriguez-Correa moved to vacate his sentence and for a new trial pursuant to Fed. Crim. R. 33(1). (Docket No. 285.) After reviewing the motion, record, and relevant case law, for the foregoing reasons, the motion is DENIED.

**I.**
**Background**

On March 28, 2012, Defendant Rodríguez-Correa, along with several co-defendants, was charged in a five count indictment for offenses resulting in the death of the victim on August 17, 2007. The government filed a superseding indictment on May 22, 2013 including charges similar to those in the original indictment. For his participation in the offense, Defendant Rodríguez-Correa was charged with conspiracy to take a motor vehicle with intent to cause death or serious bodily injury, in violation of 18 U.S.C. §§371 and 2119(3) (Count One); the taking a motor vehicle by force, resulting in death, in violation of 18 U.S.C. §§2 and 2219(3) (Count Two); the aiding and abetting in using, carrying, and brandishing firearms during and in relation to a crime of violence, in violation of 18 U.S.C. §§2 and 924(c)(1)(A)(iii) (Count Three); causing the death of a person through the use of a firearm, in violation of 18 U.S.C. §§2 and 924(j)

(Count Four); and unlawfully possessing a handgun while being a juvenile, in violation of 18 U.S.C. §§2 and 922(x) (Count Five). (Docket No. 169.)

Two of the defendants went to trial, but were tried separately. On July 16, 2013, a jury convicted Defendant Rodríguez-Correa on all five counts. Defendant appealed only this court's denial of his motion to dismiss Count Five of the superseding indictment. The First Circuit Court of Appeals affirmed this court's ruling regarding Count Five, but not before Defendant moved to remand the matter back to the District Court for a new trial based on newly discovered evidence. (*United States v. Rodríguez-Correa*, First Circuit Court of Appeals Case No. 13-1998.)

The other defendant who went to trial, Kyvani Ocasio-Ruiz, was also convicted. He appealed separately. At trial, Ocasio-Ruiz sought to introduce testimony of co-defendant Maldonado-Castro's mother, Luz Castro-Mendez. Prior to trial, Maldonado-Castro had been killed, but his mother, was going to testify that prior to his death, her son admitted to killing the victim and that he had committed the crime alone. This court concluded that the testimony did not meet the hearsay exception of Fed. R. Evid. 804(b)(3), which allows hearsay when the declarant is unavailable **and** there exists sufficient corroboration for the statement. Ocasio-Ruiz appealed this court's exclusion of the Ms. Castro-Mendez's testimony. *United States v. Ocasio-Ruiz*, 779 F.3d 43 (1st Cir. 2015). Finding that this court had not satisfactorily analyzed the "corroborative underpinnings of the proffered testimony", and further determining that the error was not harmless, the First Circuit remanded the matter for a new trial as to Ocasio-Ruiz. *Id*. at 48-49.

On May 12, 2015, Defendant Rodríguez-Correa moved to vacate his conviction and for a new trial based on newly discovered evidence under Fed. R. Crim. P. 33(b)(1). Defendant claims that since his co-defendant is being retried, he, too, should be granted a retrial. The court

notes that Defendant Rodríguez-Correa did not attempt to introduce testimony from the Luz Castro-Mendez and that this request for a new trial is not based on an alleged error in an evidentiary ruling as was Ocasio-Ruiz's appeal.

## II.
## Law and Argument

Within three years of the conviction, a criminal defendant may move for a new trial based on newly discovered evidence. Fed. R. Crim. P. 33. A district court may vacate its judgment and grant a new trial "in the interest of justice". Fed. R. Crim. P. 33(a). The First Circuit follows a four part test for determining whether a new trial is warranted under Fed. R. Crim. P. 33(b)(1):

> A defendant who seeks a new trial on the basis of newly discovered evidence bears a "weighty burden" of establishing that: (1) the evidence was unknown or unavailable to the defendant at the time of trial; (2) failure to learn of the evidence was not due to lack of diligence by the defendant; (3) the evidence is material and not merely cumulative or impeaching; and (4) the emergence of the evidence will probably result in an acquittal upon retrial of the defendant. *Hernández II*, 443 F.3d at 143; *González-González*, 258 F.3d at 20; *Conley*, 249 F.3d at 45.

*United States v. Del-Valle*, 566 F.3d 31, 38 (1st Cir. 2009).

Defendant Rodríguez-Correa fails to meet his burden under the first factor since the statement offered by Ms. Castro-Mendez was known, or available, to him at the time of his trial. The trial of co-defendant Ocasio-Ruiz took place November 26, 2012 through November 30, 2012. Luz Castro-Mendez began testifying before the jury on November 28, 2012. Defense counsel inquired into a conversation Castro-Mendez had with her son prior to his death, the government objected, and the court heard arguments. At the conclusion of the bench conference, the court ordered the parties to brief the matter overnight and reconvene the following morning to determine whether Ms. Castro-Mendez would be allowed to testify. The parties provided briefs (Docket Nos. 92 & 93) and the court heard the proffered testimony from Ms. Castro-Mendez (See Docket No. 255 at 4-13). Counsel for Defendant Rodríguez-Correa had access to

the court's docket and was free to watch the trial of the co-defendant to prepare for the defense of his client.

Defendant Rodríguez-Correa's trial began on July 15, 2013. Defendant never sought to introduce testimony from Ms. Castro-Mendez. (See Docket Nos. 260 & 261.) Even now, Defendant Rodríguez-Correa does not argue that he was unaware of Ms. Castro-Mendez's proffered testimony. In his motion for a new trial, there is no suggestion that the government withheld Ms. Castro-Mendez's identity or exculpatory information from Defendant Rodríguez-Correa. Instead, he argues that he should receive a new trial because the Circuit remanded his co-defendant's case back to this court.

A motion for a new trial based on newly discovered evidence **must** be denied if the defendant fails to meet any of the four factors. *United States v. Gonzalez-Gonzalez*, 258 F.3d 16, 20 (1st Cir. 2001). A court has "no discretion to grant a motion for a new trial if any one of the four factors is lacking. *United States v. Hernandez-Rodriguez*, 443 F.3d 138, 143 (1st Cir. 2006) (citation omitted). Defendant Rodríguez-Correa has failed to show that Ms. Castro-Mendez's identity and information was "unknown or unavailable" at the time of his trial.

### III.
### Conclusion

For the aforementioned reasons, Defendant Hector Rodríguez-Correa's motion to vacate sentence and for a new trial (Docket No. 285) is DENIED.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 22nd day of May, 2015.

                                                    S/José Antonio Fusté
                                                    JOSE ANTONIO FUSTE
                                                    U. S. DISTRICT JUDGE